UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| JAMES M. KELLY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO.: 1:05-CV-313-TS |
| ) | |
| ALLEN COUNTY JAIL CLASSIFICATION ) | |
| AND SCREENING DEPARTMENT, ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER**

James M. Kelly, a pro se prisoner, submitted a Complaint under 42 U.S.C. § 1983. Pursuant to 28 U.S.C. § 1915A, the Court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Courts apply the same standard under § 1915A as when addressing a motion under Federal Rule of Civil Procedure 12(b)(6), which provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted. *Weiss v. Colley*, 230 F.3d 1027 (7th Cir. 2000).

> A claim may be dismissed only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Allegations of a pro se complaint are held to less stringent standards than formal pleadings drafted by lawyers. Accordingly, pro se complaints are liberally construed.
>
> In order to state a cause of action under 42 U.S.C. § 1983, the Supreme Court requires only two elements: First, the plaintiff must allege that some person has deprived him of a federal right. Second, he must allege that the person who has deprived him of the right acted under color of state law. These elements may be put forth in a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). In reviewing the complaint on a motion to dismiss, no more is required from plaintiff's allegations of intent than what would satisfy Rule 8's notice pleading minimum and Rule 9(b)'s requirement that motive and intent be pleaded generally.

*Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001) (citations, quotation marks, and ellipsis omitted).

The Plaintiff alleges that he has epilepsy. He contends that he was housed on the second floor of the Allen County Jail and that he suffered injury when he had a seizure and fell down the stairs. In his Complaint he sues the Allen County Jail Classification and Screening Department alleging that "no one with an epileptic disorder should be housed where they have to climb any type of stairs!" (Pf.'s Comp. at 3.)

Though the Eighth Amendment's prescription against cruel and unusual punishments applies only to persons convicted of crimes and though the rights of pre-trial detainees are derived from the Fourteenth Amendment's Due Process Clause, "the recognized standard of protection afforded to both convicted prisoners and pretrial detainees under the Eighth and Fourteenth Amendments" is the same. *Palmer v. Marion County*, 327 F.3d 588, 593 (7th Cir. 2003).

A violation of the Eighth Amendment's cruel and unusual punishments clause consists of two elements: (1) objectively, whether the injury is sufficiently serious to deprive the prisoner of the minimal civilized measure of life's necessities, and (2) subjectively, whether the prison official's actual state of mind was one of "deliberate indifference" to the deprivation. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

In Indiana, a person with epilepsy may be issued a driver's licence, Indiana Code 9-24-2-3-(b), and may even be licensed to drive taxis, buses, or school buses.[1] Epilepsy does not universally prevent a person from driving a car and it does not prevent a person from using the stairs. In the

---

[1] The Epilepsy Foundation website describes epilepsy and its treatment. It lists licencing laws for all fifty states, the District of Columbia and Puerto Rico. It does not mention avoiding stairs. *See* The Epilepsy Foundation, http://www.epilepsyfoundation.org. *Cf. Greeno v. Daley*, 414 F.3d 645, 654 n.3 (7th Cir. 2005) (citing as an authoritative source the website of the American Gastroenterological Association).

2

vocabulary of the Eighth Amendment jurisprudence, housing the Plaintiff on the second floor did not deprive him of the minimal civilized measure of life's necessities and it was not deliberately indifferent to place a him on the second floor even though he had epilepsy.

For the foregoing reasons, this case is DISMISSED pursuant to 28 U.S.C. §1915A. The Plaintiff's motion to appoint counsel [DE 3] is rendered MOOT.

SO ORDERED on September 27, 2005.

    s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT